**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| DIANA MCDOWELL | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 3:15-cv-00838 |
| | ) | JUDGE CRENSHAW |
| HEARTLAND DENTAL, LLC, | ) | |
| d/b/a SPRINGFIELD DENTAL | ) | |
| CENTER | ) | |
| | ) | |
|     Defendant | ) | |

## MEMORANDUM

Pending before the Court is Heartland Dental, LLC's ("Heartland") Motion for Summary Judgment (Doc. No. 20). For the reasons stated herein, Heartland's Motion is **GRANTED**, and this action is **DISMISSED**.

### INTRODUCTION

Diana McDowell is a female dental hygienist, formerly employed by Heartland. During the time McDowell worked for Heartland, she became pregnant. She alleges employment discrimination by Heartland because of her gender and her pregnancy, in violation of 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Tenn. Code Ann., § 4-21-101, *et seq.* ("THRA"). McDowell also alleges that Heartland retaliated against her, in violation of Title VII and the THRA, for complaining to Heartland's Human Resources ("HR") office and for filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). She alleges that Heartland also retaliated against her, in violation of the Family and Medical Leave Act ("FMLA"), for requesting FMLA leave.

# SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; Pennington v. State Farm Mut. Automobile Ins. Co., 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. (Id.)

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. Van Gorder v. Grand Trunk Western Railroad, Inc., 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the material issue of fact a proper jury question. (Id.) The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. Rodgers, 344 F.3d at 595.

# ANALYSIS

Heartland argues that McDowell cannot establish a *prima facie* case of retaliation. To make a *prima facie* case of retaliation, McDowell must show that (1) she engaged in protected activity; (2)

the exercise of protected rights was known to Heartland; (3) Heartland took an adverse employment action against McDowell, and (4) there was a causal connection between the protected activity and the adverse action. Taylor v. Geithner, 703 F.3d 328, 336 (6th Cir. 2013). To establish a causal connection, McDowell must produce sufficient evidence from which one could draw an inference that Heartland would not have taken the adverse employment action had she not engaged in activity protected under Title VII.[1] Taylor, 703 F.3d at 339. In Univ. of Texas Southwestern Medical Center v. Nassar, 133 S.Ct. 2517 (2013), the Court held that a plaintiff making a Title VII retaliation claim must establish that his or her protected activity was a "but-for" cause of the alleged adverse action by the employer. (Id. at 2533-34.)

Once a *prima facie* showing is made, Heartland must articulate a legitimate non-retaliatory reason for its action, and then the burden shifts back to McDowell to show that the proffered reason was not its true reason but merely a pretext for retaliation. Harris v. Metro. Gov't of Nashville and Davidson County, 594 F.3d 476, 485 (6th Cir. 2010).

The Complaint alleges that Heartland's retaliatory conduct against her, in violation of Title VII and the THRA, was because of her complaining of discrimination to Heartland's HR office and her filing of a Charge of Discrimination with the EEOC. Heartland argues that McDowell's call to the HR office was not "protected activity" because she did not report discriminatory conduct under either Title VII or the THRA.

---

[1] An analysis of claims under the THRA is the same as under Title VII of the Federal Civil Rights Act. Bredesen v. Tennessee Judicial Selection Comm'n, 214 S.W.3d 419, 430 (Tenn. 2007); Lynch v. City of Jellico, 205 S.W.3d 384, 399 (Tenn. 2006). FMLA retaliation claims are analyzed under the same burden-shifting test as Title VII claims. Hunter v. Valley View Local Schools, 579 F.3d 688, 692 (6th Cir. 2009); Demyanovich v. Cadon Plating & Coatings, LLC, 747 F.3d. 419, 433 (6th Cir. 2014).

Title VII forbids retaliation against any employee who "has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000-3(a). Similarly, the THRA forbids retaliation against an employee who "has opposed a practice declared discriminatory by [the THRA]." Tenn. Code Ann. § 4-21-301(a)(1).

In her deposition, McDowell admitted that the only reason she called the HR office was because she was afraid for her safety.[2] (Doc. No. 23-1 at. 31.) She testified that she did not say anything about pregnancy discrimination in her call to HR. (Id.)[3] She testified she called HR because she felt threatened by a co-worker's comment that "if you was not pregnant, I would whoop your ass." (Id. at p. 30.)

In response to Heartland's Motion, McDowell argues that her complaint to HR was of a hostile work environment based on her pregnancy. The court disagrees. McDowell's complaint to HR was concerning one isolated incident. She has admitted she did not complain of discrimination in her complaint to the HR office; she stated that the only reason she called was because she was afraid for her safety. Such a complaint does not oppose a practice that is discriminatory under Title VII or the THRA and, therefore, is not "protected activity."

McDowell also testified in her deposition that all the events up to and including her termination were tied to her calling the HR office. (Doc. No. 23-1 at 38.) When asked if she thought that was the reason she was written up and eventually fired, she answered, "Yes." (Id.) Counsel then

---

[2] Plaintiff alleges that another employee told her if she were not pregnant, she would "whoop" her ass. (Doc. No. 28, ¶ 30.)

[3] Plaintiff did not respond to ¶¶ 32-35 of Defendant's Statement of Undisputed Facts. See (Doc. No. 28 at 6-7.) Plaintiff duplicated ¶¶ 27-30 rather than answering ¶¶ 32-35. Pursuant to Local Rule 56.01, failure to respond to statements of undisputed facts indicates that those facts are undisputed for purposes of summary judgment.

asked "Is there any other reason you think you were fired?" and McDowell responded, "Not that I can recall." (Id.); see also (Doc. No. 28, ¶ 54.) Later in her deposition, McDowell testified as follows:

> Q. Your claim in this lawsuit is you were fired in retaliation for calling corporate in January, right?
>
> A. Right.
>
> Q. And there's no other claim you're raising in this lawsuit?
>
> A. No.

(Doc. No. 23-1 at 75; Doc. No. 28, ¶ 90.)

In addition, McDowell has admitted that, when she filed for unemployment benefits, she told the Tennessee Department of Labor ("TDOL") that she was fired in retaliation for her complaint to Heartland's Corporate Compliance Office (HR). (Doc. No. 28, ¶ 96.) She has further admitted that at no point in that letter to TDOL did she claim she had been fired because she was pregnant, because she was planning to take maternity leave, or because she had filed an EEOC charge. (Id., ¶ 95.) Finally, McDowell has admitted that the reasons she articulated in her letter to the TDOL were the true reasons why she believed she had been fired. (Id., ¶ 94.)

Thus, McDowell has admitted, both in her deposition and in her application for unemployment benefits, that her only claim is that she was fired in retaliation for calling Heartland's HR office. That activity is not "protected activity" under Title VII or the THRA, so McDowell's claim - the claim she admits is her only claim - fails, and this action should be dismissed.

Alternatively, even if McDowell could establish a *prima facie* claim that she was retaliated against for filing an EEOC complaint and/or for requesting FMLA leave, both of which are protected activities, she has not shown that Heartland's articulated reason for her firing was pretextual. To show

pretext, McDowell must show that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the action, or (3) the proffered reason was insufficient to warrant the adverse action. Wheat v. Fifth Third Bank, 785 F.3d 230, 240 (6th Cir. 2015); Sybrandt v. Home Depot U.S.A., Inc., 560 F.3d 553,558 (6th Cir. 2009).

Heartland's articulated reasons for terminating McDowell's employment were her continued tardiness after her Final Warning and a patient complaint. McDowell argues these reasons have no basis in fact, and yet she has admitted that she was given a Final Warning on January 19, 2015, for arriving late for work and being on her personal cell phone. (Doc. No. 28, ¶¶ 66-67.) That Final Warning stated, "Any further violation in [sic] company policy will result in progressive disciplinary action up to and including termination." (Doc. No. 23-15.)[4]

McDowell does not dispute that, following the Final Warning, she was late for work on February 3, 2015, and February 24, 2015. (Doc. No. 28, ¶¶ 80-81.) She also admits that she clocked in late on February 4, 10, and 25, and March 3 and 4, but she claims the computer was slow to boot up on those days. (Id. at ¶ 82.)

Heartland asserts that, on February 23, 2015, it received a complaint from a patient about McDowell's treatment of her. McDowell testified that she had no reason to dispute that this complaint was made, but she says only that she had no personal knowledge of it. (Doc. No. 28, ¶¶ 83-85.) Heartland stated that this was the fifth complaint about McDowell that Heartland had received since the fall of 2014. (Id., ¶ 86.) Plaintiff disputes only that she had any personal knowledge of any patient complaints. (Id.)

---

[4] At that time, McDowell had received to date (1) a verbal warning about clocking in and clocking out; (2) a Written Warning related to the altercation with a co-worker mentioned above, and (3) this Final Warning. (Doc. No. 28, ¶ 69.)

A plaintiff cannot establish pretext so long as the employer made a reasonably informed and considered decision before taking the adverse employment action. Foster v. Spring Meadows Healthcare Center, LLC, 2013 WL 829363 at * 10 (M.D. Tenn. March 6, 2013) (citing Smith v. Chrysler Corp., 155 F.3d 799, 807 (6th Cir. 1998)). Where the employer can demonstrate an honest belief in its proffered reason, an inference of pretext is not warranted. Seeger v. Cincinnati Bell Telephone Co., LLC, 681 F.3d 274, 285 (6th Cir. 2012). An employer's proffered reason is considered honestly held where the employer can establish it reasonably relied upon the particularized facts that were before it at the time the decision was made. (Id.) A plaintiff is required to show more than a dispute over the facts upon which the decision was based. (Id.) The plaintiff retains the ultimate burden of producing "sufficient evidence from which the jury could reasonably reject the defendant's explanation and infer that the defendant intentionally discriminated against her." Eren v. Mars, Inc., 27 F.Supp.3d 855, 862 (M.D. Tenn. 2014).

Here, McDowell does not really dispute the facts surrounding Heartland's articulated reasons for its decision. She admits she was tardy after the Final Warning, and she simply claims that she did not know about the patient complaints. The court finds that Heartland held an honest belief that McDowell continued to be tardy and was a recipient of patient complaints at the time the decision to fire her was made. McDowell has not shown those reasons to be pretextual.

As for McDowell's gender and pregnancy discrimination claims, once a *prima facie* case is established or assumed, the burden shifts to Heartland to articulate a legitimate, non-discriminatory reason for its actions, just as with a retaliation claim. Sybrandt, 560 F.3d at 557-558. McDowell must then show that Heartland's reasons are pretextual. As set forth above, she has failed to do so.

7

Therefore, even if McDowell had not limited her own case through her deposition testimony, and even if she could establish a *prima facie* case on all her claims, Heartland has articulated a legitimate, non-discriminatory, and non-pretextual reason for its actions.

CONCLUSION

For all these reasons, Heartland's Motion for Summary Judgment (Doc. No. 20) is **GRANTED**, and this action is **DISMISSED**.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE